UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

A.N. and D.N., minor children
by and through their parent and guardian
ALICIA NORRIS

        Plaintiffs,

vs.                                    Case No. 8:05-CV-1929-T-27MSS

HONORABLE AMY WILLIAMS and
DAVID CHADWICK NORRIS,

        Defendants.
_____/

## ORDER

**BEFORE THE COURT** are Plaintiffs' Motion for Preliminary Injunction (Dkt. 2) and Defendant's response thereto (Dkt. 7). The Court considered argument on the motion and directed the parties to file supplemental briefs addressing Alicia Norris' standing to bring this action, whether Judge Williams enjoys judicial immunity, and whether the federal court has subject matter jurisdiction. Supplemental briefs have been filed. (Dkts. 18, 19, 23). Upon consideration, Plaintiffs' Motion for Preliminary Injunction (Dkt. 2) is DENIED.

Plaintiffs, two minor children, by and through their mother, seek injunctive relief to prevent immunizations ordered by the Defendant, Judge Amy Williams, a Florida Circuit Court judge who presided over their parents' post-dissolution of marriage proceedings. Plaintiffs contend that the court ordered immunizations would violate their sincerely held religious beliefs. (A. Norris Aff. ¶¶ 1,4). The complained-of order was entered after an evidentiary hearing was conducted by Judge Williams on opposing motions filed by the parents after their marriage had been dissolved. The parents essentially made cross accusations that each was not complying with their marital settlement

1

agreement with respect to the welfare, education and medical care of their minor children. During the state court hearing, Judge Williams heard testimony from the children's pediatrician, who recommended the immunizations. A copy of the hearing transcript has been made part of this record. (Dkt. 7 Ex. E)

The parents, Alicia Norris and David Norris, were divorced in May 2005. The court determined that they would share parental responsibility, with the mother having primary residential care of the children. Their dissolution of marriage was finalized based on a marital settlement agreement which is attached to the Complaint as Exhibit Three. The Marital Settlement Agreement provides, in pertinent part, that the parents agree to participate together in making major decisions affecting the minor children's health, welfare, education, and development. In the agreement, the father acknowledges that the mother desired that the children not be administered vaccinations. Alicia Norris avers that the children were never vaccinated during the marriage because of the "family's personal religious and spiritual beliefs that are contrary to the practice of immunizing." (A. Norris Aff. ¶ 3). On the contrary, David Norris avers that Ms. Norris never practiced a religion during their marriage (D. Norris Aff. ¶ 12) or communicated to him that she held any sincere religious beliefs that would preclude vaccination of the children. (D. Norris Aff. ¶ 13). He further avers that the "children have never been raised with any particular religious or spiritual beliefs," (D. Norris Aff. ¶ 15), that he had "absolutely no religious reasons" for acquiescing to his wife's desire not to immunize their children, "nor were there any 'family' religious or spiritual beliefs contrary to the practice of immunizing." (D. Norris Aff. ¶ 16).

The Marital Settlement Agreement also provides that in the event the parents cannot agree to make decisions regarding medical issues concerning the children, they must request a recommendation from the children's primary pediatrician, Dr. Reilly. Accordingly, during the

2

evidentiary hearing, Judge Williams received testimony from Dr. Reilly and ultimately entered the complained-of order based on Dr. Reilly's recommendation. (Dkt. 1, Ex. 5)

Judge Williams entered the complained-of order on September 28, 2005. The order requires that the Plaintiffs be vaccinated within forty-five days of the date of the order. (Compl., Ex. 1) Plaintiffs allege that this order violates their federal constitutional rights under the First, Fifth and Fourteenth Amendments and have filed suit under 42 U.S.C. § 1983. (Compl. ¶ 1)

### *APPLICABLE STANDARDS*

The purpose of a preliminary injunction is to protect the movant from irreparable injury and preserve the status quo until the merits can be addressed. *Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). A plaintiff seeking a preliminary injunction must show:

(1) a substantial likelihood of ultimate success on the merits;

(2) the moving party will suffer irreparable injury if the injunction is not granted;

(3) the threatened injury to the moving party outweighs the threatened harm the proposed injunction may cause the opposing party; and

(4) the injunction, if issued, would not be adverse to the public interest.

*McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998).

### *DISCUSSION*

### *LIKELIHOOD OF SUCCESS ON THE MERITS*

While Plaintiffs have offered evidence sufficient to establish the second, third and fourth elements of temporary injunctive relief, they have not established the first element, a substantial likelihood of success on the merits. Plaintiffs cannot show a likelihood of success on the merits. Alicia Norris lacks prudential standing to bring this action on behalf of her minor children. *Elk Grove*, supra. Even if she has arguable standing, *Elk Grove* requires this Court to "stay its hand" in

order to leave these family law issues to the state courts. Moreover, Judge Williams, a state court judge who acted in her official capacity in entering the complained-of order, enjoys statutory immunity under § 1983 from this action seeking injunctive relief. Without Judge Williams, no state action is present and Plaintiffs' § 1983 must necessarily fail. Finally, this Court lacks subject matter jurisdiction under the Rooker-Feldman Doctrine.[1]

## *STANDING*

David Norris challenges Alicia Norris' standing to bring this action in a representative capacity on behalf of their minor children. "In every federal case, the party bringing suit must establish standing to prosecute the action." *Elk Grove Unified School Dist. v. Newdow*, 542 U.S. 1 (2004). In *Elk Grove*, the Supreme Court held that the father did not have prudential standing to sue on behalf of his minor daughter where his "standing derive[d] entirely from his relationship with his daughter, but he lack[ed] the right to litigate as her next friend." *Id.* at 2311. Elk Grove is instructive.

In *Elk Grove*, the Supreme Court recognized that the father's parental authority was derived from state law and in denying the father standing to litigate on behalf of his daughter, reasoned that "it is improper for the federal courts to entertain a claim by a plaintiff whose standing to sue is founded on family law rights that are in dispute when the prosecution of the lawsuit may have an adverse effect on the person who is the source of the plaintiff's claimed standing." Significantly, the Court instructed:

---

[1] Given these conclusions, it is unnecessary to conduct further proceedings on Alicia Norris' contention that the children hold sincere religious beliefs which would be infringed upon by the judicially ordered immunizations. Again, the competing contentions of the parties with respect to whether the family practiced sincere religious and spiritual beliefs prohibiting immunizations and whether those views are purely secular should be appropriately addressed by the state court judge in the family law setting.

4

> When hard questions of domestic relations are sure to affect the outcome, the prudent course is for the federal court to stay its hand rather than reach out to resolve a weighty question of federal constitutional law.

*Id.* at 26.[2]

Here, David Norris and Alicia Norris share parental responsibility for their minor children, the purported Plaintiffs. (Marital Settlement Agreement, p. 12). While Alicia Norris has "primary physical residential custody," she and David Norris are the natural guardians of their children exercising shared parental rights, including by implication the right to jointly decide whether their children will be involved in litigation in federal court. (Marital Settlement Agreement, p. 23). While Alicia Norris purports to bring this action on behalf of her children against their father and natural guardian, the state court did not grant her exclusive decision making authority in that regard. Nor did the court grant to her sole legal custody over the children. Moreover, David Norris was not, by virtue of the dissolution decree or Marital Settlement Agreement, deprived of his parental right to participate in important decisions regarding the rights and welfare of his children, including his right to an equal voice in deciding whether his children would participate in litigation in federal court.

Here, Alicia Norris' standing is founded on her rights under the Marital Settlement Agreement, the dissolution decree and Florida law on shared parental responsibility. As a practical matter, her parental rights are well defined and not in dispute, as she shares parental responsibility with David Norris with respect to their children. She has agreed in the Marital Settlement Agreement to "participate together in the making of major decisions affecting the children's health, welfare, education and development and making decisions together regarding their future." Given this

---

[2] In *Elk Grove*, the state family court had granted joint legal custody to the parents <u>but</u> while the two parents were to consult with each other regarding substantial decisions, it authorized the mother to exercise legal control if the parents could not agree.

agreement, she does not have the authority to unilaterally initiate litigation on behalf of her children without their father's participation. Alicia Norris' authority to litigate on behalf of her children without her ex-husband's consent is, therefore, in dispute, similar to the circumstance confronting the father in *Elk Grove*. Without question, this lawsuit could have an adverse effect on the children, the source of Alicia Norris' claimed standing, given the divergent views of the parents. Applying the rationale of *Elk Grove*, Alicia Norris lacks prudential standing to bring this action on behalf of her children and against their father, their legal guardian.

Further, this litigation seeks a determination of which parent's wishes relating to immunization of the children will prevail, an issue addressed in their Marital Settlement Agreement and litigated before Judge Williams. Even if Alicia Norris has legal standing to sue, *Elk Grove* requires this Court to stay its hand, rather than "resolve a weighty question of federal constitutional law", and defer to the state courts in matters of family law. *Id.* As the Supreme Court recognized, while there may be "rare instances" where it will be necessary "to answer a substantial federal question that transcends or exists apart from the family law issue, in general it is appropriate for the federal courts to leave delicate issues of domestic relations to the state courts." Id. at 19. On consideration, this case does not present such a "rare instance" warranting federal court intervention.

### *JUDICIAL IMMUNITY*

It is undisputed that the complained-of order was entered by Judge Williams in her official capacity as a Florida Circuit Court Judge.[3] In this action, Plaintiffs seek injunctive relief against Judge Williams, essentially to prevent the enforcement of her order directing that the children be

---

[3] To the extent Plaintiffs contend that Judge Williams had no jurisdiction to determine whether the children would be subject to vaccination, that argument is, at best, disingenuous and at worst, frivolous. Moreover, Alicia Norris never challenged Judge Williams' jurisdiction and indeed, submitted herself and the determination of parental rights and the welfare of her minor children to the Florida Circuit Court pursuant to Ch. 61 of the Florida Statutes.

immunized. This action is barred, however, by the express language of § 1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, *except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.* (emphasis added).

Clearly, by virtue of the authority vested in the Florida Circuit Court by Florida Statute §86.011, declaratory relief was and is available, as the state court continues to retain jurisdiction over the best interests of the children.[4] Simply put, by virtue of the amendment to § 1983, Judge Williams is immune from this action seeking injunctive relief. *See Huminski v. Corsones*, 386 F.3d 116, 140-141 (2d Cir. 2004); *Smith v. Hammond*, 388 F,3d 304, 307 (7th Cir. 2004). As such, this action may not proceed against Judge Williams.

### *NO STATE ACTION*

A successful action under 42 U.S.C. § 1983 "requires a showing that the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). For purposes of § 1983, a state action is not invoked merely because private litigants seek recourse in the state court system. *Id.* at 1133-34. Adding Judge Williams as a defendant does not change this fundamental premise, as she enjoys judicial immunity against this action seeking injunctive relief.

Defendant Norris is not a state actor, nor does, as discussed, "use of the courts by private parties . . . constitute an act under color of state law." *Id.* at 1133; *see also Dahl v. Akin*, 630 F.2d

---

[4] Alicia Norris has appealed Judge Williams' order. (Dkt. 25).

277, 280-81 (11th Cir. 1981)(daughter's use of state courts to improperly commit her father to a mental institution did not constitute action "under color of state law"). In sum, Plaintiffs have no likelihood of success on the merits in this § 1983 action as they cannot establish the requisite state action required by § 1983.

### *ROOKER-FELDMAN DOCTRINE*

Plaintiffs essentially seek federal review of the complained-of order entered by the Florida Circuit Court. In this regard, Plaintiffs' claim is nothing more than a collateral attack on the state court decision and accordingly is barred by the Rooker-Feldman Doctrine. The Rooker-Feldman Doctrine bars federal court jurisdiction where (1) the party in federal court is the same as the party in state court; (2) the prior state court ruling was a final or conclusive judgment on the merits; (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceedings; and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment. *See Amos v. Glynn County Bd. of Tax Assessors*, 347 F.3d 1249, 1265, n.11 (11th Cir. 2000). With respect to the second, third and fourth criteria, these are met. As to whether the parties in this action are the same as those in the state court, Plaintiffs contend that the minor children were not parties to the state court post-dissolution proceedings during which the immunization issues were addressed and resolved by Judge Williams. This Court, and other courts which have addressed the issue, disagree, for purposes of the Rooker-Feldman Doctrine.

As noted, this federal action is nothing but a collateral attack on Judge Williams' order directing that the minor children be immunized. Although the children were not named as parties in the post-dissolution proceedings, their constitutional interests are inextricably intertwined with Judge Williams' decision on the merits, by virtue of the procedure agreed to by the parents in

resolving matters concerning the children's welfare and health. The interests of the minor children were substantially represented in the state court proceedings and addressed by the state court judge in her order. While the individual constitutional rights of the children have been expressly raised in this federal action, inextricably intertwined with those rights are the shared parental responsibilities of their parents in making important decisions concerning their children's health, welfare, education and development, as well as decisions regarding their future. In this regard, the parties to this federal action are essentially the same as those in the post-dissolution proceedings, notwithstanding that the children were not named as parties in the underlying family law matter. For purposes of Rooker-Feldman, they are treated as the same and this Court accordingly lacks subject matter jurisdiction to review Judge Williams' order directing immunization of the children. *See Thompson v. McFatter*, 951 F.Supp. 221 (S.D. Ala. 1996), *aff'd without opinion*, 162 F.2d 97 (11th Cir. 1998), *cert. denied*, 526 U.S. 1132 (1999); *see also Storck v. City of Coral Springs*, 354 F.3d 1307, 1310, n.1 (11th Cir. 2003); *Liedel v. Juvenile Court of Madison County, Alabama*, 891 F.2d 1542 (11th Cir. 1990). Moreover, there was ample opportunity to Alicia Norris to have raised this constitutional claim before Judge Williams but for whatever reason, she did not. *See Rolleston v. Edridge, 848 F.2d 163, 165 (11th Cir. 1988)* (opportunity exists even if claim not raised in state court proceeding).

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion for Preliminary Injunction is **DENIED**. The Clerk is directed to close this case.

**DONE AND ORDERED** in chambers this 9th day of November, 2005.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

9